**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

IVAN G. MCKINNEY,                :
                                 :    Civil Action No. 08-3622 (JLL)
         Plaintiff,              :
                                 :
    v.                           :         **O P I N I O N**
                                 :
HERALD NEWS, et al.,             :
                                 :
         Defendants.             :

**APPEARANCES:**

    Ivan G. McKinney, Pro Se
    # 255755C
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, NJ 08302

**LINARES**, District Judge

    Plaintiff Ivan G. McKinney, currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his rights. Plaintiff initially submitted his complaint without a complete application to proceed in forma pauperis ("IFP"). On July 31, 2008, this Court issued an order denying plaintiff's IFP application without prejudice, and administratively terminating the action. The order also provided plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigence if he wished to re-open his case.

On August 15, 2008, plaintiff submitted a complete IFP application with his six-month prison account statement. Because it appears that plaintiff qualifies to proceed IFP, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the complaint without prepayment of fees.

Having reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

## BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff seeks to sue the Herald News, Channel 12 News, the Bergen Record newspaper, the North Jersey Media Group, Google, the Hackensack Police Department, and the Conklin House of Bergen County for violations of his rights. He notes in his complaint that jurisdiction is based on a "civil rights complaint" and diversity jurisdiction. (Complaint, "Jurisdiction" paragraph, and ¶ 5). Plaintiff notes that the Herald News, Channel 12 News

and Bergen Record are corporations operating within the state of New Jersey, and that Google is incorporated in Mountainview, California. (Complt., ¶¶ 2-4).

Plaintiff states that, presumably prior to incarceration, he was a "realtor" at Discount Realtors, in Ridgewood, New Jersey. (Complt., ¶ 7). On or about July 1, 2006, the defendants published and circulated news articles and stories naming him as a sexual predator. (Complt., ¶ 9). Plaintiff states that the statements were completely false. (Complt., ¶ 16). He contends that the source of the "fabrication" was the Clifton Police Department. (Complt., ¶ 9). Plaintiff states that these actions violate his constitutional rights "in regard to slander, libel, malicious intent, and defamation of character." (Complt., "Jurisdiction" paragraph).

## DISCUSSION

### A.   Standard for Sua Sponte Dismissal

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the

3

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S.

4

Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Id. at 234 (internal citations omitted)(quoting Twombly, 127 S. Ct. at 1965).

**B.   Plaintiff's Civil Rights Claims Must Be Dismissed.**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, defendants Herald News, Bergen Record, North Jersey Media Group, and Google are not state actors acting under color of state law.  "Although a private [party] may cause a deprivation of . . . a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law."  Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.) (Alteration in original).  The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment.  See id. at 1141.  A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the *exclusive* prerogative of the state;" (2) it "has acted with the help of or in concert with state officials;" or (3) "the State has so far insinuated itself into a position of interdependence with . . . [the acting party] that it must be recognized as a joint participant in the challenged activity." Id. at 1142.  Applying these principles to the instant case, plaintiff does not allege any facts indicating that any of these defendants are state actors or otherwise acted

6

under color of state law.  Therefore, plaintiff fails to state any civil rights claims against these defendants.

While defendants Hackensack Police Department and Conklin House of Bergen County may be found to be state actors, plaintiff asserts no claims against these entities in his complaint.

**C.      Plaintiff Has Not Demonstrated Diversity Jurisdiction.**

Plaintiff asserts that "there is complete diversity of citizenship between the plaintiff and all defendants and this matter in controversy exceeds . . . $75,000."  (Complt., ¶ 5).

However, this Court finds that no diversity jurisdiction exists in this matter if plaintiff's claims are construed simply as libel, slander, malicious intent and defamation of character claims under state law.  As plaintiff notes, such common law claims may be brought in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. It has long been recognized, however that to find jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant.  See Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996).  Thus, if a plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and defendants.  Plaintiff alleges that he is a resident of New Jersey, and is currently housed in a New Jersey prison.  He contends that the defendants, except Google, are organized under the laws of New Jersey and all defendants, including Google, do business in New Jersey.

Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the complaint against this defendant, pursuant to 28 U.S.C. § 1332(a), and so these claims will be dismissed, without prejudice.

## CONCLUSION

Therefore, for the reasons expressed above, the Court will dismiss the complaint, without prejudice.  An appropriate order follows.

    /s/ Jose L. Linares
JOSE L. LINARES
United States District Judge

Dated: October 14, 2008